**In re Charles E. Capriola, Jr.**

[487 A.2d 144]

No. 84-209

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed December 14, 1984

*Putter & Unger Associates*, Montpelier, *V. Ellen Maloney*, Pawlet, and *Robert E. Cummings, Jr.*, Bennington, for Petitioner.

*William M. Dorsch*, Brattleboro, Bar Counsel.

**Per Curiam.** The petitioner seeks readmission to the Bar of the Vermont Supreme Court after disbarment, following his conviction of the crime of embezzlement. *In re Capriola*, 134 Vt. 548, 367 A.2d 689 (1976).

The petitioner is required to demonstrate by clear and convincing evidence that he has the moral qualifications, competency, and learning required for admission to practice law, and that his resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. 12 V.S.A. App. VIII, A.O. 9, § 17(d) (Supp. 1984).

After extensive investigation, and a hearing before a panel of the Professional Conduct Board, the panel found that the petitioner had made the required demonstration and the full Board unanimously concurred with its recommendation of reinstatement.

While this Court is the final arbiter in such matters, the findings and recommendations of the Board carry great weight. *In re Harrington*, 134 Vt. 549, 552, 367 A.2d 161, 163 (1976). Our review of the factual investigation conducted by the hearing panel leads us to conclude that the petitioner has met his burden. Based on the submitted record, we find that the petitioner is entitled to reinstatement as a member of the Bar of Vermont.

The Court accepts and adopts the recommendation of the Board that petitioner be ordered to pay, within three years from the date of this Order, all of the expenses incurred by the Board. The Board shall certify to the petitioner the amount of said expenses within sixty days.

*The petitioner, upon the taking of the oath prescribed by 12 V.S.A. App. I, Part II, § 12 (Supp. 1984), shall be admitted to practice in the courts of this state, in accordance with the terms of this opinion.*